**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GILBERTO CUENCA-PEDROZA,<br><br>            Petitioner,<br><br>   v.<br><br>WARDEN, FT. DIX,<br><br>            Respondent. | Civil Action No. 23-3822 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Gilberto Cuenca-Pedroza pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice for lack of exhaustion.

## I.   BACKGROUND

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) According to records Petitioner has submitted, he has been deemed eligible to accrue credits under the First Step Act (*see* ECF No. 1-1 at 1), Petitioner asserts in his habeas petition that he believes he should be awarded further credits, which he thinks would entitle him

to release. (ECF No. 1 at 6.) Petitioner, however, has not attempted to resolve his dispute with his current credits calculation administratively by requesting the BOP properly calculate his credits. (ECF No. 1 at 2.)

II. **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

III. **DISCUSSION**

In his current petition, Petitioner argues that he should be awarded additional First Step Act good time credits, which he believes will result in his immediate release. Petitioner did not attempt to resolve this factual dispute administratively before filing his habeas petition in this

2

matter, however, presumably because he believes making such an administrative request for a credit recalculation would take too long.[1]

Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008).

As the BOP is the administrative entity tasked with calculating the number and applicability of federal prison credits, they have the full ability and authority to correct factual or calculation errors and apply additional credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016). A request to resolve any alleged factual error affecting credit calculation is thus not futile, and is generally necessary to develop the factual record required for judicial review via a habeas petition. *Id.* Because Petitioner's claim presents a factual issue that he wishes to have resolved – his assertion that he believes he is entitled to additional credits – the pursuit of administrative remedies would not be futile – Petitioner can and should request that the BOP resolve the issue, and the BOP has the authority to award him additional credits if they

---

[1] Petitioner does not explicitly provide a reason for why he did not exhaust or why he believes he should not be required to exhaust his claims administratively, but the Court presumes that this is Petitioner's basis for believing the requirement does not apply based on Petitioner's assertion that he believes a proper calculation will result in his immediate release.

3

ultimately agree with Petitioner's position. Futility will therefore not excuse Petitioner's failure to exhaust in this case.

Based on the claim Petitioner has presented, it appears that he may believe he need not exhaust because doing so would be time intensive and would rob him of some of the benefit of the credits he seeks. "Courts have rejected [such] time restriction arguments," however, especially in cases where administrative exhaustion is necessary to establish a factual record regarding the Petitioner's contentions. *Bortolotti v. Knight*, No. 22-6137, 2022 WL 17959577, at *3 (D.N.J. Dec. 27, 2022). That a prisoner may have to serve out the remainder of a properly imposed sentence does not warrant excusing the exhaustion requirement absent a clear showing that his incarceration is unlawful. *Id.* Here, although Petitioner believes he is entitled to additional credits, he has not shown a basis for that belief – records he submits indicates that he has already been provided with a number of good time credits and that he has been determined to be eligible for credits under the First Step Act, some of which may already have been awarded. Without further factual development, this Court cannot meaningfully review the claim presented. As such, and as the short nature of Petitioner's remaining sentence provides no basis for evading exhaustion, the exhaustion requirement applies to Petitioner and his current claims. Because Petitioner has not even attempted to exhaust his claim before filing this matter, this Court must therefore dismiss the petition for lack of exhaustion. *Moscato*, 98 F.3d at 761. Petitioner may file a new habeas petition once he completes the exhaustion process administratively to the extent such pursuits do not resolve his claims.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

5